# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Rose,<br><br>          Plaintiff,<br><br>v.<br><br>Sierra Vista, City of, et.al.,<br><br>          Defendants. | No. CV 14-02240-TUC-JAS (CRP)<br><br>**REPORT & RECOMMENDATION** |

**FACTUAL AND PROCEDURAL BACKGROUND**

This case arises from the dissolution of a marriage between Plaintiff Phillip Rose, and Starr L. Rose, now Star L. Seesler, a Defendant herein. (Doc. 19, p. 1; Doc. 1, p. 4) On May 2, 2011, Plaintiff and Seesler filed Decree of Dissolution of Marriage ("Decree"). (Doc. 1, p. 4; Doc. 19, p. 1) Cochise County Superior Court Judge Charles A. Irwin, presiding over the dissolution, signed the decree on the same date. (Decree, p. 1; Doc. 35, Exhibit A) The Decree contains information regarding the division of property between the couple, including items in contention within this case. (Doc. 35, Exhibit A, p. 2–3) Plaintiff maintains that he has been denied his property which was awarded in the Decree; namely a 1966 Plymouth Valiant, real property located at 554 Milam, Clifton Hill, Missouri, and personal property including jewelry and money. (Doc. 1, p. 4; Doc. 32. p. 3; Doc. 35, p. 4)

Following the enactment of the Decree, Plaintiff failed to reclaim his property. As a result, on August 31, 2011, Judge Charles A. Irwin issued an Order regarding Plaintiff's unclaimed property. ("Order") The Order stated that Plaintiff's "failure to take possession of his personal property has not been explained or justified by [Plaintiff] and his continued refusal to do so is causing undue expense" to Defendant Seesler. (Doc. 35, Exchibit C, p. 1) Therefore, Plaintiff was given until October 24, 2011 to "take

possession of his personal property and vehicle (1966 Plymouth Valiant)." (*Id.* at p. 2) As of that date, Sessler was granted the "express authority to sell or dispose of [Plaintiff's] property in the manner she deem[ed] most appropriate." (*Id.*)

On September 30, 2011, Plaintiff sent an email to Laura Cardinal, the attorney for Starr Seesler in the divorce proceedings, and also a Defendant herein, maintaining that he had not received a full property list. (Doc. 1, p. 4) Defendant Cardinal explained to Plaintiff in her response that Plaintiff's personal property was available for reclamation at Cashway Mini Warehouse in Sierra Vista, and provided the code to the facility. (Doc. 1, p. 5; Doc. 35, p. 2) Defendant Seesler opted to keep the personal property in the Cashway storage facility, and paid the monthly fee. (Doc. 26, p. 3) Plaintiff additionally stated that Defendant Cardinal informed him that his 1966 Plymouth Valiant was located on Defendant Seesler's property, and that a police escort would need to assist him in its retrieval. (Doc. 1, p. 5) Defendant Cardinal noted that Plaintiff refused a package containing a full property list. (*Id.*) Plaintiff claims that he refused this package to assure that this acceptance would not be used as evidence against him. (*Id.*)

In another email on October 10, 2011 Plaintiff questioned both Defendant Cardinal and the Sierra Vista Police Department ("SVPD") as to why his property had not been returned to him, and again alleged that he had not received a full list of his property. (Doc. 1, p. 5) Plaintiff additionally expressed disapproval that his property had been moved to a storage facility without his express consent. (*Id.*) Defendant Cardinal replied to this email on October 11, 2011 again instructing Plaintiff how he might retrieve his personal property. (Doc. 35, p. 2)

On November 8, 2011 Plaintiff alerted Defendant Cardinal that he intended to bill Defendant Cardinal for his expenses relating to the repossession of his real property in Missouri. (Doc. 1, p. 5; Doc. 35, p. 3) Defendant Cardinal replied to this email offering to "assist" Plaintiff in the retrieval of his property. (Doc. 1, p. 6; Doc. 35, p. 3) Defendant Cardinal additionally informed Plaintiff that he would need a Quit-Claim Deed to take possession of his real property in Missouri. (Doc. 1, p. 6; Doc. 35, p. 3)

Defendant Seesler executed a Quit-Claim Deed June 9, 2011, and this deed was recorded on November 9, 2011. (Doc. 35, Exhibit B) On November 15, 2011 Defendant Cardinal sent an email to Plaintiff explaining that the Missouri County Recorder stated that a Quit-Claim Deed was all that was required for Plaintiff to take possession of his real property. (Doc.35, p. 3) Plaintiff reports that when he sent the paperwork to the county recorder in Missouri, they were rejected because the documents were not original. (Doc. 1, p. 7; Doc. 35, p. 3)

Plaintiff filed his Complaint on July 23, 2014 raising a total of Nine Counts. (Doc. 1, p. 11–15) Plaintiff raises three federal claims against all named Defendants including violations of 42 U.S.C. § 1983, 18 U.S.C. § 242, and 18 U.S.C. § 241. (Doc. 1, p. 8) Additionally, Plaintiff argues that the Sierra Vista Police Department, and Officers Daryl L. Copp and Lori Burdick violated 42 U.S.C. § 14141. (Doc. 1, p. 8) Also, Plaintiff raises Counts of Intentional Infliction of Emotional Distress, Negligence, Negligent Infliction of Emotional Distress, and Intrusion upon Seclusion against all named Defendants. (Doc. 1, p. 11–14) Finally, Plaintiff raises a claim of Negligent Hiring, Retention, or Supervision against the City of Sierra Vista. (Doc. 1, p. 15) Defendants have each filed a Motion to Dismiss (Docs. 19, 26 and 35)

On August 4, 2015 this matter was heard for oral arguments on Defendants' motions to dismiss. At the hearing, Plaintiff conceded that Counts Two, Three and Four, should be dismissed because these federal criminal statutes do not provide for a private right of action. (Trans., p. 28) Plaintiff agreed that no Notice of Claim was served pursuant to Arizona law and that, as a result, the state court claims against the City of Sierra Vista and Defendants Copp and Burdick should be dismissed. (Trans., p. 29) The Plaintiff also stated that he had no further allegations or additions to his Complaint and that leave to amend would be unnecessary. (Trans., pp. 28, 30) Parties advised the Court that through the diligent work of counsel all property in dispute has been returned to Plaintiff. (Trans., p. 27) This is a procedural due process case.

**LEGAL STANDARD**

A complaint may be dismissed for failure to state a claim on which relief can be

- 3 -

granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 12(b)(6). "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n,* 720 F.2d 578, 581 (9th Cir.1983). Generally, a plaintiff's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a).

In ruling on a motion to dismiss under Rule 12(b)(6), the court analyzes the complaint and takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington,* 51 F.3d 1480, 1484 (9th Cir.1995). Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1990). A plaintiff need not plead a prima facie case in order to survive a motion to dismiss pursuant to Rule 12(b)(6). *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514–15 (2002); *see also Starr v. Baca,* 652 F.3d 1202 (9th Cir.2011) (reaffirming the holding of *Swierkiewicz* in light of *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). A complaint must however "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir.1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly,* 550 U.S. at 557). Rather, the claim must be "'plausible on its face,'" meaning that the plaintiff must plead sufficient factual allegations to "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly,* 550 U.S. at 570).

The Ninth Circuit has interpreted *Iqbal* and *Twombly* to hold that (1) to be entitled to the presumption of truth, allegations in a complaint may not simply recite the elements

of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively; and (2) the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation. *Starr,* 652 F.3d at 1216. While a plaintiff need not plead facts constituting all elements of a case in order to survive a Rule 12(b)(6) motion to dismiss, courts nevertheless look to the elements to analyze a motion to dismiss, so as to decide, in light of judicial experience and common sense, whether the challenged complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Sheppard v. David Evans & Assocs.,* 694 F.3d 1045, 1050 n.2 (9th Cir. 2012); *Jianjun Xie v. Oakland Unified Sch. Dist.,* No. C 12–02950 CRB, 2013 WL 812425, at *4 n.3 (N.D.Cal. Mar. 5, 2013) (quoting *Khalik v. United Air Lines,* 671 F.3d 1188, 1192 (10th Cir.2012)). Confronted with a motion to dismiss, the court is not focused on what *evidence* is presented. Rather, the court is tasked with reviewing only that which is contained within the four-corners of Plaintiff's Complaint, and must accept the allegations as true.

**JUDICIALLY NOTICED FACTS: STATE COURT PROCEEDINGS**

To determine what occurred in state court, the court takes judicial notice of the submitted records from divorce case, *Starr L. Rose, nka Starr L. Seesler v. Phillip D. Rose,* Cochise County Superior Court Case No. DO201000582. *See* Fed.R.Evid. 201(b). A district court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir.2007) (internal quotation marks and citations omitted).

**DISCUSSION**

**The 42 U.S.C. § 1983 Claims**

1. Defendants Cardinal and Seesler

Plaintiff included his ex-wife, Defendant Seesler, and her divorce attorney, Defendant Cardinal, in this section 1983 action, but the complaint alleged no facts to

support the claim that the private defendants were acting under color of state law. On the contrary, the allegations of the complaint make it clear that Defendant Seesler and Defendant Cardinal acted in a manner consistent with an attorney-client relationship in a divorce proceeding. Nothing in the Complaint contains a whisper of a suggestion that these defendants have acted with the State in any sense whatever, nor is any "state action" by these defendants alleged.

42 U.S.C. § 1983 provides, in pertinent part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To state a claim under § 1983, a plaintiff must allege that the defendant was acting under color of state law at the time the acts complained of were committed, that the acts complained of resulted in the deprivation of a right, privilege, or immunity secured by the Constitution or laws of the United States, and that the plaintiff was damaged as a result. *Thornton v. City of St. Helens,* 425 F.3d 1158, 1163–64 (2005); *Azer v. Connell,* 306 F.3d 930, 935 (9th Cir.2002).

Private persons may act under color of state law if they "willfully participate in joint action with state officials to deprive others of constitutional rights." *United Steelworkers of Am. v. Phelps Dodge Corp.,* 865 F.2d 1539, 1540 (9th Cir.1989). Accordingly, to support his claim for violations under Section 1983 against Defendants, Plaintiff must present evidence that Defendants conspired, or acted in concert, with state officials, namely, the Sierra Vista Police, to deprive him of a federal right. *Kimes v. Stone,* 84 F.3d 1121, 1126 (9th Cir.1996). Private parties are viewed as state actors under Section 1983 in only rare circumstances. When determining whether a private party acted under color of law, the courts must "start with the presumption that private conduct does not constitute governmental action." *Sutton v. Providence St. Joseph Medical Center,* 192 F.3d 826, 835 (9th Cir.1999). The plaintiff bears the burden of overcoming this

presumption. *E.F.W. v. St. Stephen's Indian High School,* 264 F.3d 1297, 1305 (10th Cir.2001)("[I]t is the plaintiff's burden to plead, and ultimately establish, the existence of a 'real nexus' between the defendant's conduct and the defendant's 'badge' of state authority in order to demonstrate action was taken 'under color of state law.' ") (citation omitted).

Historically, courts have applied four different tests when determining whether the conduct of a private party qualifies as state action: (1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus. *Sutton,* 192 F.3d at 836. However, the primary question under each test is whether the necessary "close nexus" between the state, the private entity, and the challenged conduct exists. *Id.*

Defendant Cardinal is a private attorney. It is well-settled that a lawyer engaged in private practice does not act under color of state law. For example, in *Polk County v. Dodson,* the United States Supreme Court held that although attorneys are "officers of the court," a lawyer representing a client is not a state actor within the meaning of § 1983. 454 U.S. 312, 318 (1981) (noting that an attorney's duty to advance the undivided interest of his or her client is essentially a private function for which state office and authority are not required). Similarly, in *Simmons v. Sacramento County Superior Court,* the Ninth Circuit dismissed a plaintiff's civil rights claim against an attorney, finding the lawyer was engaged in private practice and not a state actor. 318 F.3d 1156, 1161 (9th Cir. 2003). The court further held conclusory allegations that an attorney acted under color of state law are insufficient to show a private party is a state actor. *Id.* (citing *Price v. State of Hawaii,* 939 F.2d 702,708 (9th Cir. 1991). Here, Plaintiff's conclusory allegation that Defendant Cardinal conspired with the city Defendants is insufficient to show she acted under color of state law for purposes of asserting a civil rights violation claim.

With regard to Defendant Seesler, the Plaintiff fails to rebut the presumption that private conduct does not constitute governmental action. "To prove a conspiracy between the state and private parties under [§] 1983, the [plaintiff] must show an agreement or meeting of the minds to violate constitutional rights." *Phelps Dodge Corp.,* 865 F.2d at 1540-41 (internal quotation marks and quoted sources omitted). Conclusory allegations

will not suffice to state a claim of conspiracy. *See Ivey v. Board of Regents,* 673 F.2d 266, 268 (9th Cir.1982). Here, Plaintiff presents no facts that indicate Defendant Seesler conspired, or acted in concert, with state officials in depriving him of his property. Plaintiff's conclusory allegations that Defendant Seesler was involved in a conspiracy with the City of Sierra Vista and Defendants Copp and Burdick are not sufficient to state a claim of conspiracy. Furthermore, there are no allegations of a close nexus, or symbiotic relationship, between Defendant Seesler and the City of Sierra Vista that results in governmental action. Again, private parties are viewed as state actors under Section 1983 in only rare circumstances. Those rare circumstances are not present here.

Because Defendants Cardinal and Seesler were not acting under the color of state law for purposes of a claim, and any amendment of this claim would be futile, it is recommended that Plaintiff's due process claim under § 1983 against Defendants Cardinal and Defendant Seesler be dismissed.

2. Defendants City of Sierra Vista, Copp and Burdick

Plaintiff claims that the City of Sierra Vista, and Officers Copp and Burdick (hereinafter the "City Defendants"), acted to deny him access to his property without due process of law. To support this allegation, Plaintiff alleges that the City Defendants accepted a property list from the SVPD and that the City Defendants conspired to deprive Plaintiff of his property, maintained possession of it, transferred it without Plaintiff's consent, and willingly obstructed him from retrieving it. (Doc. 1, pp. 8, 9) The City Defendants maintain that these are conclusory allegations insufficient to state a claim against the City Defendants. (Doc. 33, p. 5)

The Fourteenth Amendment protects individuals against the deprivation of liberty or property by the government without due process. A section 1983 claim based upon procedural due process thus has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process. *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).

In essence, Plaintiff is saying he has a Constitutional right to the police recovering and returning his property to him. However, a private citizen does not have a

Constitutional right to the police taking a certain action, with the exception of those situations where police must avoid deliberate indifference to someone the police have put in their care or control or in a vulnerable position. *See, e.g., Deshaney v. Winnebago County Department of Social Services,* 489 U.S. 189. 195–196 (1989) (the Due Process Clause generally "confers no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual ... the State cannot be held liable under the Clause for injuries that could have been averted had it chosen to provide them"); *see also, Estate of Amos ex rel. Amos v. City of Page, Arizona,* 257 F.3d 1086, 1090 (9th Cir.2001) (a state actor violates another's due process rights under § 1983 if the state actor puts a person in a situation more dangerous than in which he was found). Nothing in the complaint or in the record suggests that the City Defendants had any legal obligation to take a certain action with respect to Plaintiff's property.

Moreover, assuming *arguendo,* the City Defendants could have done something to ensure Plaintiff's access to his property, none of the actions as described by the Plaintiff result in deprivation without due process. This case stems from divorce proceedings wherein Plaintiff was afforded the due process he was entitled to and awarded his property by decree of the Cochise County Superior Court. In fact, Judge Charles Irwin's order dated August 31, 2011, which this Court took judicial notice of, establishes Plaintiff's "failure to take possession of his personal property has not been explained or justified by [him] and his continued refusal to do so is casing undo expense to [Defendant Seesler]." (Doc. 35, Exh. C) Plaintiff's admitted refusal to accept a property list likely contributed more to the delay in the return of his property than any action taken by the City Defendants. As the City Defendants correctly point out, Plaintiff's allegations that the City Defendants "willfully obstructed the retrieval of his property through failure to provide the appropriate documentation and resources to make a full account of his property" does not amount to a procedural due process claim for deprivation of property.

In sum, the Court finds no merit to the § 1983 claims against any of the City Defendants. In view of the finding that no constitutional violations occurred, any implied

- 9 -

*Monell* claims against the City fail as well. *Monell v. City of New York,* 436 U.S. 658, 694 (1978).

**Counts Two, Three and Four**

In Counts Two, Three and Four, Plaintiff alleges violations of 18 U.S.C. § 242, Deprivation of Civil Liberties, 42 U.S.C. § 14141, Police Misconduct, and 18 U.S.C. § 241, Conspiracy Against Rights. Both 18 U.S.C. §§ 241, 242 are federal criminal statutes and 42 U.S.C. § 14141 is brought under the Violent Crime Control and Law Enforcement Act. Although Plaintiff stated that these claims were not going to be contested, the Court will briefly address why dismissal is appropriate.

The Violent Crime Control and Law Enforcement Act provides the Attorney General of the United States with the authority to initiate a civil action for injunctive or declaratory relief against law enforcement agencies that have engaged "in a pattern or practice ... that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States." 42 U.S.C. § 14141(a). The statute does not provide a private right of action. *See* 42 U.S.C. § 14141(b). Consequently, Plaintiff's claims under the Violent Crime Control and Law Enforcement Act must be dismissed for failing to state a claim upon which relief can be granted.

Plaintiff also brings claims pursuant to 18 U.S.C. §§ 241 and 242. These are federal criminal statutes relating, respectively, to conspiracy against civil rights and deprivation of rights under the color of law. Criminal statutes do not provide a private cause of action or a basis for a civil lawsuit such as Plaintiff attempts to bring with the filing of the complaint now before the Court. *See, e.g., Allen v. Gold Country Casino,* 464 F.3d 1044, 1048 (9th Cir.2006) (affirming the dismissal of a plaintiff's claims under 18 U.S.C. §§ 241 and 242 because they "are criminal statutes that do not give rise to civil liability"); *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir.1980) (finding 18 U.S.C. §§ 241 and 242 provide no private right of action and cannot form a basis for civil suit); *Pawelek v. Paramount Studios Corp.,* 571 F.Supp. 1082, 1083 (N.D.Ill.1983) (no private cause of action inherent in federal criminal statutes defining civil rights violations). Because there is no private right of action under 18 U.S.C. § 241 or 18 U.S.C. § 242,

Plaintiff has failed to state a cognizable claim upon which relief may be granted.

**The State Claims**

1. Defendants City of Sierra Vista, Copp & Burdick

At oral argument, Plaintiff conceded that he did not serve the City Defendants with a notice of claim as is required by Arizona law pursuant to A.R.S. § 821.01. (Trans., p. 39) In Arizona, individuals with claims "against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues." A.R.S. § 12–821.01(A). Because Plaintiff admitted to having failed to comply with the notice of claim statute, and because all parties agree the state law claims against City Defendants should be dismissed, the Court recommends that Counts Five, Six, Seven, Eight and Nine be dismissed as to the City Defendants.

2. Defendants Seesler & Cardinal

*Intentional Infliction of Emotional Distress.*

In Count Five, Plaintiff asserts that Defendants are liable for intentional infliction of emotional distress pursuant to Arizona law. Defendants argue that the Complaint fails to state a claim for IIED because it does not allege that Plaintiff suffered severe emotional distress—an essential element of the claim. (Doc. 26, p. 9, Doc. 35, p. 12)

A claim for IIED has three elements: extreme and outrageous conduct by the defendant, defendant's intent to cause emotional distress or reckless disregard of the near certainty that such distress will result from the conduct, and *resulting severe emotional distress. See Wallace v. Casa Grande Union High School Dist.,* 184 Ariz. 419, 428, 909 P.2d 486, 495 (App.1995); *Ford v. Revlon,* 153 Ariz. 38, 43, 734 P.2d 580, 585 (1987). The Court may not assume that the plaintiff can prove facts different from those alleged in the complaint. *See Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters,* 459 U.S. 519, 526 (1983); *Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.,* 407 F.3d 1027, 1035 (9th Cir.2005). Similarly, legal conclusions couched as factual allegations are not given a presumption of truthfulness and

- 11 -

"conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.,* 139 F.3d 696, 699 (9th Cir.1998); *see also Iqbal,* 556 U.S. 662 at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citation omitted).

Here, the complaint does not contain even a conclusory allegation that Plaintiff suffered severe emotional distress from the alleged outrageous conduct. Because Plaintiff has failed to allege an essential element of the IIED claim, the Court will recommend that Defendants' motion to dismiss that claim be granted. *See Wallace,* 184 Ariz. at 428, 909 P.2d at 495; *Ford,* 153 Ariz. at 43, 734 P.2d at 585.

*Negligence*

In Count Six, Plaintiff alleges a claim of Negligence against all Defendants. Plaintiff alleges that all Defendants owed him a duty to facilitate the return of his personal property pursuant to court order. (Doc. 1, p. 12) Defendants maintain that no such duty was owed to Plaintiff and that if such legal obligation was imposed by the divorce decree, the obligation was satisfied by their good-faith efforts in assisting Plaintiff in retrieving his property. (Doc. 19, p. 9-10, Doc. 26, p. 9)

"To establish a claim for negligence, a plaintiff must prove four elements: '(1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages.' " *Narramore v. HSBC Bank USA, N.A.,* 2010 WL 2732815, at *8 (D.Ariz. July 7, 2010) (quoting *Gipson v. Kasey,* 214 Ariz. 141, 143, 150 P.3d 228, 230 (Ariz.2007) (citing *Ontiveros v. Borak,* 136 Ariz. 500, 504, 667 P.2d 200, 204 (Ariz.1983))). "Generally, the element of duty is one for the court to decide, whereas the others are factual issues usually decided by the jury." *Id.*

"In order to determine whether a duty of care existed, the court decides 'whether the relationship of the parties was such that the defendant was under an obligation to use some care to avoid or prevent injury to the plaintiff.' " *Id.* (quoting *Markowitz v. Arizona Parks Bd.,* 146 Ariz. 352, 356, 706 P.2d 364, 368 (Ariz.1985)). "No duty exists unless the relationship imposes a legal obligation for the benefit of one party on the other." *Id.*

(citing *Ontiveros,* 136 Ariz. at 508, 667 P.2d at 208).

In the instant case, Plaintiff fails to meaningfully allege that Defendants owed him a duty to ensure the prompt return of his property. Defendant Seesler was an adverse party in divorce proceedings and that relationship did not impose a legal obligation upon her to avoid injury to Plaintiff. Insofar as the divorce decree instructed Defendant Seesler to relinquish property to Plaintiff, she complied with that order by making said property readily available to Plaintiff despite his troubles in retrieving it from the storage unit and his issues with the transfer of the Missouri property. Thus, assuming, *arguendo,* that there was a legal duty, there was no breach of that duty. Similarly, Defendant Cardinal was opposing counsel for Plaintiff's ex-wife and it is well settled in Arizona that an attorney does not owe a duty to an adverse party. *See Linder v. Brown & Herrick*, 189 Ariz. 398, 406, 943 P.2d 758, 766 (Ct. App. 1997); *Lewis v. Swenson*, 126 Ariz. 561, 564, 617 P.2d 69, 72 (1980); *Bird v. Rothman*, 128 Ariz. 599, 602, 627 P.2d 1097, 1100 (Ct. App. 1981). Because the Complaint fails to adequately plead a duty, breach, causation and damages for purposes of a negligence claim against Defendants, the claim must fail.

*Negligent Infliction of Emotional Distress*

Defendants argue that Plaintiff failed to state a claim for Negligent Infliction of Emotional Distress because he failed to allege any manifested physical injury. (Doc. 19, p.10, Doc. 26, p. 9, Doc. 35, pp. 13-14) Plaintiff asserts that he experienced anxiety, mental anguish and exacerbated symptoms of post-traumatic stress disorder as a result of his being unable to retrieve his private property. (Doc. 1, p. 13)

A plaintiff may recover damages for mental anguish or emotional distress precipitated by fright, shock or other mental disturbance resulting from conduct by the defendant that placed the plaintiff in fear for his own safety or security. *Quinn v. Turner,* 155 Ariz. 225, 227–28, 745 P.2d 972, 974–75 (App.1987); Restatement (Second) of Torts § 313 cmt. d (1965) (hereafter "Restatement"). A plaintiff may not recover on a claim for negligent infliction of emotional distress, however, unless the mental anguish resulting from the defendant's conduct is accompanied by, manifests as, or develops into bodily harm. *Keck v. Jackson,* 122 Ariz. 114, 115–16, 593 P.2d 668, 669–70 (1979); *Monaco v.*

*HealthPartners of S. Ariz.,* 196 Ariz. 299, 302, ¶ 7, 995 P.2d 735, 738 (App.1999); *Gau v. Smitty's Super Valu, Inc.,* 183 Ariz. 107, 109, 901 P.2d 455, 457 (App.1995); *DeStories v. City of Phoenix,* 154 Ariz. 604, 608, 744 P.2d 705, 709 (App.1987). Transitory physical phenomena, such as crying, nightmares, insomnia, and headaches, that are themselves inconsequential and do not result in substantial bodily harm, cannot support a claim for negligent infliction of emotional distress. *Monaco,* 196 Ariz. at 302, ¶ 8, 995 P.2d at 738; *Gau,* 183 Ariz. at 109, 901 P.2d at 457; *Burns v. Jaquays Mining Corp.,* 156 Ariz. 375, 378–79, 752 P.2d 28, 31–32 (App.1987); *see also* Restatement § 436A cmt. c. However, a claim may be sustained where such symptoms persist so as to result in a long-term physical illness or mental disturbance. *Monaco,* 196 Ariz. at 302–03, ¶ 8, 995 P.2d at 738–39; Restatement § 436A cmt. c.

Plaintiff claims that he suffered anxiety, mental anguish and exacerbated symptoms of his post-traumatic stress disorder as a result of his inability to retrieve his property. But anxiety, mental anguish and exacerbated symptoms of a pre-existing mental disorder to not constitute the type of manifested bodily harm required under Arizona law. Plaintiff's theory requires that he show he suffered physical manifestations of his mental distress that were not transitory, temporary, or inconsequential. *See Monaco,* 196 Ariz. at 303, ¶ 12, 995 P.2d at 739; *Gau,* 183 Ariz. at 109, 901 P.2d at 457; Restatement § 436A cmt. c. The record before the Court does not contain an allegation of any physical manifestation of mental distress sufficient to present an issue of fact as to that claim. As such, Plaintiff's claim for Negligent Infliction of Emotional Distress should be dismissed.

*Intrusion Upon Seclusion*

Plaintiff's eighth claim for relief is that Defendants invaded his right to privacy and intruded upon his seclusion by damaging his property, participating in an intimidation campaign against him, and contacting authorities in Calistoga, California. (Doc. 1, p. 15) Defendants argue that Plaintiff's conclusory allegations are insufficient to state a claim upon which relief may be granted. (Doc. 19, p. 11, Doc. 26, p. 9, Doc. 35, p. 14)

Arizona courts have long recognized the four-part classification of the tort of

invasion of privacy laid out in the Restatement (Second) of Torts §§ 652A, *et seq.* (Restatement); *Rutledge v. Phoenix Newspapers, Inc.,* 148 Ariz. 555, 556 n. 2, 715 P.2d 1243, 1244 n. 2 (App.1986), *overruled on other grounds, Godbehere v. Phoenix Newspapers, Inc.,* 162 Ariz. 335, 783 P.2d 781 (1989). The Restatement sets forth the tort of intrusion upon seclusion thus:

> One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.
> Restatement (Second) of Torts § 652B.

To prevail on an intrusion claim, a plaintiff must first show that the defendant "has intruded into a private place, or has otherwise invaded a private seclusion that the plaintiff has thrown about his person or affairs." *Rest.* § 652B, cmt. c; *Shulman v. Group W. Productions, Inc.,* 18 Cal.4th 200, 74 Cal.Rptr.2d 843, 864, 955 P.2d 469 (Cal.1998) (to recover for intrusion, plaintiff must show that "defendant penetrated some zone of physical or sensory privacy surrounding, or obtained unwanted access to data about, the plaintiff.") The Restatement states:

> The invasion may be by physical intrusion into a place in which the plaintiff has secluded himself, as when the defendant forces his way into the plaintiff's room in a hotel or insists over the plaintiff's objection in entering his home. *It may also be by the use of the defendant's senses, with or without mechanical aids, to oversee or overhear the plaintiff's private affairs, as by looking into his upstairs window with binoculars or tapping his telephone wires.* It may be by some other form of investigation or examination into his private concerns, as by opening his private and personal mail, searching his safe or wallet, examining his private bank account, or compelling him by a forged court order to permit an inspection of his personal documents.

*Hart v. Seven Resorts Inc.*, 190 Ariz. 272, 278, 947 P.2d 846, 852 (Ct. App. 1997) (quoting *Rest.* § 652B, cmt. b) (emphasis added). Regardless of the method of intrusion used, a plaintiff can recover "only if he had an *objectively reasonable expectation* of seclusion or solitude in the place, conversation, or data source." *Shulman,* 74 Cal.Rptr.2d at 864, 955 P.2d 469; *Kemp v.Block,* 607 F.Supp. 1262, 1264 (D.Nev.1985) (emphasis

added); *People for the Ethical Treatment of Animals v. Bobby Berosini, Ltd.,* 111 Nev. 615, 895 P.2d 1269, 1279 (Nev.1995).

Plaintiff fails to explain how Defendants intruded upon his private affairs or into his private space, either physically or otherwise. In his Complaint, Plaintiff makes no allegations specifically pertaining to Defendants Seesler and Cardinal and instead focuses his complaints against the City Defendants. Plaintiff alleges that Defendants were involved in a "malicious intimidation campaign" and that the City Defendants contacted police in Calistoga, California in order to further intimidate Plaintiff. (Doc. 1, p. 15) These episodes do not materially resemble the kinds of invasions or intrusions into private affairs against which the law seeks to guard. Knocking on a door or speaking with neighbors to attempt to contact a person is a common event and hardly a hallmark of intrusive behavior. Nor does Plaintiff claim that he had an objectively reasonable expectation of seclusion or solitude in regards to his personal property, which he offhandedly claims was damaged. As such, Plaintiff has failed to state a cognizable claim upon which relief may be granted and his claim for intrusion upon seclusion should be dismissed.

*Negligent Hiring, Retention or Supervision*

Because this claim is alleged against only the City Defendants, and because Plaintiff conceded that the state law claims against the City of Sierra Vista, Defendant Copp and Defendant Burdick should be dismissed for failure to comply with Arizona's notice of claim statute, the Court recommends that Count Nine of the Complaint be dismissed.

**CONCLUSION**

Because Plaintiff has failed to state claim upon which relief can be granted, and because the Court's analysis under Rule 12(b)(6) concludes that the facts, as alleged in the Complaint, would not entitle the Plaintiff to a legal remedy in this matter, the Court will recommend that the Complaint be DISMISSED in its entirety.

**RECOMMENDATION**

(1) Defendants' City of Sierra Vista, Copp and Burdick motion to dismiss (Doc. 19) be **GRANTED** as to all counts, without leave to amend.

(2) Defendant Starr Lynn Seesler's motion to dismiss (Doc. 26) be **GRANTED** as to all counts, without leave to amend.

(3) Defendant Laura Cardinal's motion to dismiss (Doc. 35) be **GRANTED** as to all counts, without leave to amend.

Pursuant to 28 U.S.C. §636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure and LRCiv 7.2(e), Rules of Practice of the U.S. District Court for the District of Arizona, any party may serve and file written objections within **FOURTEEN (14) DAYS** after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within **FOURTEEN (14) DAYS** after being served with a copy. Fed.R.Civ.P. 72(b)(2). No replies to objections shall be filed unless leave is granted from the District Court to do so. If objections are filed, the parties should use the following case number: **CV 14-02240-TUC-JAS**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may be deemed a waiver of the party's right to de novo review of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

Dated this 21st day of August, 2015.

_____
CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE

- 17 -